### ENOCH MAXEY V. THE STATE.

No. 9909.   Delivered February 24, 1926.

**Sale of Intoxicating Liquor—Continuance—Evidence Not Relevant—Properly Refused.**

Where, on a trial for the sale of intoxicating liquor, appellant asks for a continuance on account of the absence of two witnesses, whose testimony as set out in the motion was not relevant, nor contradictory in any way of the case made out against appellant by the state, no error was committed in refusing the continuance.

Appeal from the District Court of San Augustine County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Sun Augustine County for selling intoxicating liquor, punishment fixed at one year in the penitentiary.

There is one bill of exceptions which complains of the refusal of a continuance asked because of the absence of two witnesses. The offense charged and proven was the sale of intoxicating liquor to one Dick Smith. Said Smith testified that he was in the village of Steep Creek in the late afternoon of the day in question and went from that place out about a mile to a point where appellant produced and sold to witness a quart of shinny, which was intoxicating. In appellant's application for continuance he said he expected to prove by the absent witness Faircloth that on said date he went with appellant from the latter's home to the town of Steep Creek and that defendant carried nothing with him except a plow point, and that he remained with appellant in and around said town until after the train came in, at which time appellant got in a car belonging to one Willie Polk. That witness did not see appellant any more after he got in the car until he later passed appellant's home some five miles out, and that at that time apellant was at his home. By the other witness appellant said he could prove that witness was at appellant's home when he came from Steep Creek in the automobile, and remained there with appellant all night, and that apellant did not leave, nor did witness Smith ever come there and purchase any whiskey from appellant. Comparing the testimony of Smith with that of the absent witnesses it will be found in no way contradictory. Faircloth may have gone to Steep Creek with apellant and Garner may have come to appellant's home that night and spent the night with him, but neither of said witnesses if present and testifying as stated would put themselves in a position where their testimony sheds light on the truth or falsity of Smith's testimony that he and apellant left the village of Steep Creek and went out about a mile and got intoxicating liquor which appellant sold to Smith. Appellant did not take the stand and testify in his own behalf.

No error appearing in the record, and the evidence supporting the conclusion reached by the jury, an affirmance will be ordered.

*Affirmed.*